UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN H.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C18-5228 BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found obesity, degenerative disc disease and headaches are severe impairments; plaintiff has the residual functional capacity (RFC) to perform less than the full range of light work; and plaintiff is not disabled because she can perform past work as a recreation aide. Tr. 20-30. Plaintiff contends the ALJ misevaluated the opinions of Jay Baker, DC, and her testimony. As relief plaintiff contends the court should remand the case for further proceedings. Dkt. 13.

For the reasons below, the Court finds the ALJ harmfully erred and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.    Jay Baker, DC**

Mr. Baker is a treating chiropractor who opined plaintiff was more limited than the ALJ assessed in determining plaintiff's RFC. The ALJ discounted Mr. Baker's opinions because he is "not an acceptable source to proffer medical opinions." Tr. 29. The fact Mr. Baker is an "other source" is not itself a valid reason to reject his opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1013–14 (9th Cir.2014) (ALJ erred by failing to recognize "other source that can provide evidence about the severity of a claimant's impairments and how it affects the claimant's ability to work").

The ALJ also rejected Mr. Baker's opinions finding Mr. Baker opined plaintiff's limitations were only for a "discreet period," not a permanent period. Tr. 29. Substantial evidence does not support this finding. Mr. Baker completed a series of physical capacity worksheets. Tr. 421-31. Each worksheet estimated plaintiff's limitations would last for periods from a few weeks to about a month. But when taken as a whole, the worksheets do not support the ALJ's finding that plaintiff's limitations were short lived, i.e. lasting only for a "discreet" period. Further, while Mr. Baker thought plaintiff might improve, he did not opine plaintiff had improved beyond the limitations he assessed or that her limitations would last only a short time.

And finally, the ALJ rejected Mr. Baker's opinions as inconsistent with the opinions of reviewing doctor, Leslie Arnold, M.D. Tr. 29. Substantial evidence does not support this finding. Dr. Arnold assessed limitations which the ALJ did not include in the RFC determination and also opined plaintiff lacked the RFC to perform past relevant work (PRW). Tr. 120. The ALJ found Dr. Arnold's opinions "have greater persuasive value than Mr. Baker's," Tr. 29, a determination that undermines the ALJ's determination that plaintiff retains the RFC to perform PRW.

Accordingly, the ALJ rejected Mr. Baker's opinions based upon reasons that were either legally erroneous or not supported by substantial evidence. The ALJ's error was harmful because it resulted in a RFC determination that failed to fully account for all of plaintiff's limitations.

**B.     Plaintiff's Testimony**

Plaintiff contends the ALJ erred in assessing her testimony. Although the ALJ was required to apply SSR 16-3p, *see* 2017 WL 5180304, at *13, the ALJ's decision makes no reference to it. Tr. 22. SSR 16-3p eliminates the use of the term "credibility" and instead focuses on an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work. SSR 16-3p does not, alter the standards by which courts will evaluate an ALJ's reasons for discounting a claimant's testimony. To reject a claimant's testimony, an ALJ must provide "specific, cogent reasons" and, absent affirmative evidence of malingering, must reject a claimant's testimony for "clear and convincing" reasons. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *see Carmickle v. Commissioner, SSA*, 533 F.3d 1155, 1160 (9th Cir. 2008).[1] The Court thus rejects the Commissioner's claim a lesser standard applies. *See also Garrison v. Colvin,* 759 F.3d 995, 1015 n. 18 (9th Cir.2014) (rejecting the argument that the Court should apply a standard lower than clear and convincing in reviewing ALJ's evaluation of claimant's testimony where there was no evidence of malingering.).

Here the ALJ found headaches are a severe impairment but failed to address plaintiff's testimony about the impact of her migraine headaches on her ability to work. The ALJ's failure is harmful. In evaluating disability, the ALJ must consider all of a claimant's statements about

---

[1] In *Carmickle*, the Ninth Circuit rejected the proposition that there had to be a specific *finding* of malingering; rather, it was sufficient that there be *affirmative evidence* suggesting malingering. *See Carmickle*, 533 F.3d at 1160 n.1.

her symptoms on her ability to work. 20 C.F.R. § 404.1529(a). This did not occur. The ALJ must also determine a claimant's residual functional capacity based on all of the relevant evidence in the case record, including plaintiff's testimony. *See* 20 C.F.R. § 416.945(a). This also did not occur.

The Commissioner argues the ALJ's failure is harmless because the ALJ found plaintiff lacked credibility regarding other limitations she testified about and "a claimant's lack of credibility on one topic impugns allegations on other topics." Dkt. 17 at 6. The Commissioner's argument fails. First, the ALJ failed to give any reason to reject plaintiff's testimony about headaches. As noted above the ALJ must consider the claimant's symptom testimony. The ALJ can reject a claimant's testimony but and errs when she fails to do so.

Second, the Commissioner's argument cannot be squared with SSR 16-3p which specifically states "we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term." *See* 2017 WL 5180304. The fact the ALJ rejected other portions of plaintiff's testimony cannot, alone, be grounds to reject her testimony about headaches. SSR 16-3p states "the determination or decision must contain specific reasons for the weight given to the individual's symptoms . . . and be clearly articulated." *Id.* This language indicates the ALJ must give reasons that are relevant and specific to each limitation in order to reject it. Common sense leads to the same result. An ALJ might properly reject a claimant's testimony about fear of working with people as contradicted by evidence the claimant regularly engages in activity involving other people. But this evidence would be irrelevant to claimant's testimony she has ambulatory problems because her legs were amputated at the knees. It would be farcical to find the ALJ gave clear and convincing reasons to reject an amputee's testimony about her ambulatory problems because the ALJ properly rejected the claimant's

testimony about fears working with others. The Court accordingly rejects the Commissioner's claim that because the ALJ gave reasons to reject other portions of plaintiff's testimony, the ALJ's "credibility determination was sufficiently specific and reasonable." Dkt. 17 at 6.

Because the ALJ failed to address plaintiff's headache testimony, the matter must be remanded for further proceedings. The ALJ is required to consider plaintiff's impairments in combination with her other impairments. *See e.g. Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) ("the ALJ necessarily failed to consider at step five how the combination of her other impairments—and resulting incapacitating fatigue—affected her residual functional capacity."). The Court does not engage in independent fact finding and thus cannot unpack the effect plaintiff's headaches had on her other limitations. That is a matter reserved to the Commissioner and to be determined by the ALJ on remand.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall, reassess Mr. Baker's opinions and plaintiff's testimony, develop the record and redetermine plaintiff's RFC as necessary, and proceeds to steps four and five as appropriate.

DATED this 12th day of October, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge